**Mohinder S. SIDHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74182.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard R. Stone, Sr., Esq., Francis W. Fraser, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Mohinder S. Sidhu ("Sidhu"), a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's adverse credibility determination for substantial evidence, *Suntharal-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

*inkam v. Gonzales,* 458 F.3d 1034, 1040 (9th Cir.2006), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Sidhu's failure to establish sufficiently and affirmatively his identity. *See, e.g., Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003) (affirming negative credibility finding based on, *inter alia,* discrepancies regarding identity). Because at least one of the identified grounds underlying the IJ's adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to accept the negative credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). In light of our conclusion that substantial evidence supports the adverse credibility finding, we reject Sidhu's contention that the IJ erred in requiring material, easily available corroborative evidence. *See Sidhu v. INS,* 220 F.3d 1085, 1090 (9th Cir.2000).

Sidhu's failure to satisfy the lower standard of proof for asylum necessarily results in a failure to demonstrate eligibility for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006). Finally, substantial evidence supports the IJ's conclusion that Sidhu did not establish that it is more likely than not that he will be tortured if returned to India, and we uphold the denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**